**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-20341**

---

**JOHNIE VOLLERT,**

**Plaintiff-Appellant,**

**versus**

**CITY OF HOUSTON, ET AL.,**

**Defendants,**

**CITY OF HOUSTON,**

**Defendant-Appellee.**

---

Appeal from the United States District Court
for the Southern District of Texas

(CA-H-95-674)

---

January 17, 1997

Before HIGGINBOTHAM, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The district court granted summary judgment in favor of Defendant/Appellee the City of Houston because Plaintiff/Appellant Johnie Vollert failed to raise a genuine fact issue concerning his

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

claim that the Houston Police Department violated his First Amendment rights when it issued a written reprimand in response to racially-oriented speech which Vollert published to other officers. We affirm.

### BACKGROUND

In December 1992, the City of Houston (the "City") entered into a consent decree that settled *Edwards v. City of Houston*.[1] In *Edwards*, the plaintiffs alleged that the Houston Police Department (HPD) discriminated against minorities in hirings and promotions. The consent decree required the City to promote certain minority officers and to determine whether questions on promotion tests were racially biased. Questions determined by the City to be racially biased were to be eliminated from the test results and the applicants' scores were to be adjusted accordingly.

On March 5, 1993, Vollert took the promotion examination for the rank of sergeant. In May 1993, Vollert was elected as a board member of the Houston Police Officers Association (HPOA). At board meetings, Vollert was a vocal opponent of the *Edwards*' consent decree.

In May 1993, the HPD promoted Vollert to sergeant. On May

---

[1]For a discussion of the consent decree in this unpublished case, see the decision of the United States Court of Appeals for the Fifth Circuit in *Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996).

17, 1993, Vollert placed the following invitation (written on HPOA stationary) in the HPOA mailboxes of his 14 co-HPOA board members:

> I will be getting promoted (despite my race) on May 24, 1993 at 1:30 pm at the High School of Law Enforcement. It is located just north of the St. Thomas high school which is on the northeast corner of Memorial and S. Shepherd. You are cordially invited to attend and give proper and justice [sic] respects to those who deserve it. There will be a number of "remedial" promotions from the welfare list, but they should stand out should you decide to congratulate only those who deserve it.

One of the recipients of this letter was Ignacio Aranda, President of the Houston Police Organization of Spanish Speaking Officers (OSSA). Aranda was upset with the racial content of the letter and wrote a letter of protest to both the President of the HPOA, Doug Elder, and the Chief of Police, Sam Nuchia. The contents of the letter became widely known and elicited a strong and well-publicized response from the minority officers.

On October 8, 1993, the HPD issued Vollert a written reprimand for distributing the invitation. The reprimand stated, in relevant part:

> Investigation revealed that on the above date, while off duty, you prepared a letter to announce your upcoming promotion to sergeant on May 24, 1993. Although the correspondence was distributed to a limited number of co-workers, you used poor judgment by including remarks and/or terms in the letter which were demeaning to fellow officers, embarrassing to the Department, and of a nature that could be considered a racial slur or to be racially motivated.
>
> It has been determined that, by your actions, you have violated the following:

3

HOUSTON POLICE DEPARTMENT RULES MANUAL

Section(s)2.3  - Conduct and Behavior
         3.1  - Respect for Fellow
         Officers
         4.21 - Use of Racial Jokes and
     Slurs

Vollert appealed the reprimand to a third party hearing examiner pursuant to Tex. Loc. Gov't Code Ann. § 143.1016 (Vernon Supp. 1996). On September 29, 1994, the examiner upheld the reprimand but ordered that the reprimand be removed from Vollert's file three years after the date of its issuance if Vollert received no additional disciplinary actions during that time.

Vollert filed this lawsuit on March 6, 1995, alleging that the City violated 42 U.S.C. § 1983 by infringing upon Vollert's First Amendment rights. The district court granted summary judgment in favor of the City holding that, while Vollert's speech was a matter of public concern, it was not entitled to First Amendment protection because, as a matter of law, under the facts of this case, the HPD's interest in the efficient management of its operations outweighs Vollert's interest in the speech. Vollert now appeals.

## DISCUSSION

As always, we review the district court's order granting summary judgment *de novo*. **Lee v. Wal-Mart Stores Inc.**, 34 F.3d 285, 288 (5th Cir. 1994). Summary judgment is appropriate where

the record, taken as whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The test used for determining whether a government employer may place limits upon its employee's speech is set forth in ***Vojvodich v. Lopez***, 48 F.3d 879, 884-885 (5th Cir.), <u>cert. denied</u>, 116 S. Ct. 169 (1995). "To assert the protections of the First Amendment, the employee must establish, as a threshold matter, that his speech or activity related to a matter of public concern." ***Id***. at 884. If the employee meets this burden, the employer then must establish that its interest in promoting the efficient services provided by its employees outweighs the employee's interest in engaging in the protected activity. ***Id***. at 885 (citing ***United States Dept. of Justice v. Federal Labor Relations Authority***, 955 F.2d 998, 1005-1006 (5th Cir. 1992)). "This analysis in reality is a sliding scale or spectrum upon which 'public concern' is weighed against disruption." ***Id***. at 884. "We have repeatedly recognized that a stronger showing of disruption may be necessary if the employee's speech more substantially involves matters of public concern." ***Id***. at 885 (internal citations omitted). Because of the wide variety of situations in which this issue might arise, each case should be considered on its particular facts. ***Vojvodich***, 48 F.3d at 885.

5

To aid our evaluation of a given case, we look to the factors discussed by the Supreme Court in *Connick v. Myers*, 103 S. Ct. 1684 (1983).

> Although not intended to be the exclusive considerations, these factors include (1) the degree to which the employee's protected activity involved a matter of public concern, and the gravity of that concern, (2) whether close working relationships are essential to fulfilling the responsibilities of the public office and the extent to which the employee's protected activities may have affected those relationships, (3) the time, place, and manner of the employee's activities, and (4) the context in which the employee's activities were carried out.

*Vojvodich*, 48 F.3d at 885 (citing *Connick*, 103 S. Ct. at 1694). "A proper consideration of these factors allows a court to balance the plaintiff's interest in the claimed protected activity against the alleged disruption caused by that activity to the effective and efficient fulfillment of the government's public responsibilities." *Id*.

The district court first determined that Vollert's speech was a matter of public concern. In so finding, the district court stated:

> Police officers had widely discussed the Edwards consent decree, and Vollert had previously discussed the decree with the HPOA board members. Given this context, Vollert's invitation was, in part, a comment on the Edwards consent decree. Police Chief Nuchia appears to agree that through the invitation, Vollert intended to comment upon the Edwards consent decree. The Edwards consent decree was a matter of public concern; Vollert's invitation commented on a matter of public concern.

6

Having so found, the district court next engaged in a balancing of the HPD's interests versus Vollert's interests. Applying the **Connick** factors,[2] the district court held:

> The contents of the invitation elicited a strong and well-publicized response from minority officers. HPD found that Vollert's invitation was demeaning to fellow officers, embarrassing to the department, and of a nature that could be considered a racial slur or to be racially motivated. HPD concluded that Vollert's invitation violated department regulations governing the conduct and behavior of an officer, respect for fellow officers, and the use of racial jokes and slurs. HPD and the hearing examiner agreed that Vollert's invitation had the potential to disrupt the efficiency of HPD. As a sergeant in HPD, Vollert works closely with minority officers. Chief Nuchia issued the reprimand to Vollert to prevent further disruption in the department.
>
> The undisputed facts show that HPD's concern that Vollert's invitation would disrupt the efficient operation of the police department had a reasonable basis.

The district court concluded that "HPD's interest in promoting the efficiency of its services outweighs Vollert's interest in disseminating the contents of the invitation." In reaching this conclusion, the district court considered an affidavit submitted by

---

[2]The district court enumerated the **Connick** factors as follows: (1) the need for harmony in the work place; (2) whether the government's responsibilities require a close relationship between the employees which might be deteriorated by the speech; (3) the time, manner, and place of the speech; (4) the context in which the dispute arose; (5) the degree of public interest in the speech, and; (6) whether the speech impeded the employee's ability to perform his or her duties. *See* **Connick**, 103 S. Ct. at 1694.

7

Chief Nuchia.[3]

On appeal, Vollert argues that the district court misapplied the ***Connick***/***Vojvodich*** factors. Specifically, Vollert argues that there is no evidence of any "actual or threatened[4] disruption of the HPD's daily commitment to protecting Houston's citizens," or to the "working relationships between Appellant and other officers." Vollert contends that Chief Nuchia "extended his authority outside the parameters of his jurisdiction when he reached into a private union hall to punish Appellant's speech...."

In support of its position, the City offered, *inter alia*, the

---

[3]Chief Nuchia's affidavit states, in relevant part:

> My intent in issuing the written reprimand to Sergeant Vollert was to prevent any further disruption in the efficiency of the Houston Police Department. As a supervisor in the Houston Police Department, Sergeant Vollert will work closely with minority officers and supervisors. It is essential to the operation of the Police Department that all employees maintain the utmost respect for their fellow officers and supervisors and in my opinion and experience racial jokes and slurs detract from that respect. Such behavior is demeaning and embarrassing to fellow officers and is likely to result in a deterioration in the efficiency of the department. The written reprimand issued to Sergeant Vollert was issued to prevent any further such occurrence and to quell the growing resentment within the Police Department created by the publication of the invitation. The basis of the action was not because of the [sic] Sergeant Vollert's criticism of the consent decree but because of the manner in which it was presented.

[4]Vollert agrees that a showing of actual disruption is not required.

8

affidavit of Chief Nuchia which specifically states that Vollert's speech was so offensive, in the context of his work environment, that it caused, and would continue to cause, a disruption to the work environment. Vollert offered no summary judgment evidence showing that his letter did not, or would not, create a disruption. After carefully reviewing the briefs, the record excerpts, and relevant portions of the record itself, for the reasons stated by the district court, we are satisfied that the decision of the district court is not in error. The judgment of the district court is, in all things,

**AFFIRMED.**